THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

BRIAN FRANCOLLA
*Assistant Corporation Counsel*
Tel.: (212) 788-0988
Fax: (212) 788-9776

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/22/08

July 22, 2008

**MEMO ENDORSED**


JUL 2 2 2008
CHAMBERS OF
DENISE COTE

BY HAND DELIVERY

Honorable Denise L. Cote
United States District Judge
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1040
New York, New York 10007-1312

    Re: <u>Kevin Lee Anderson v. The City of New York, et al.</u>, 08 CV 3585 (DLC)

Your Honor:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department recently assigned to handle the defense of the above-referenced matter. From a review of the docket sheet, it appears that Correction Officer Mason was served with a copy of the summons and complaint in this action. I apologize to the Court and plaintiff for the fact that Correction Officer Mason's answer appears past due, and respectfully request that this Office be granted sixty days from today, until September 22, 2008, within which to investigate service, resolve representation issues, and if appropriate, to answer or otherwise respond to the complaint on behalf of Correction Officer Mason. I write directly to the Court because plaintiff is incarcerated and proceeding *pro se* in this matter. This is the first request for an enlargement of time.

*Granted*
*[signature] Denise Cote*
*July 22, 2008*

    The complaint alleges that plaintiff was assaulted on March 26, 2007 by Correction Officers of the New York City Department of Correction. In addition to Correction Officer Mason, plaintiff names the City of New York, Rikers Island Correctional Facility, Correction Officer Barnaby and Correction Officer Declet as defendants.[1] Before we can adequately respond to the complaint, we

---

[1] Upon information and belief, the City of New York and the individuals identified in the caption of the complaint as Correction Officer Barnaby and Correction Officer Declet have not been served with a copy of the summons and complaint. From a review of the docket sheet, it appears that service was attempted but unexecuted as to both Correction Officers Barnaby and Declet. Without making any representations on behalf of Correction Officer Barnaby and Correction Officer Deelet, it is respectfully requested that, in the event they were served, their time to respond to the complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided.

  Finally, while plaintiff also named Rikers Island Correctional Facility as a defendant, defense counsel respectfully submits that Rikers Island Correctional Facility is not a suable entity. <u>See</u> New York City Charter, Chapter 16, § 696.

will need to conduct an investigation into the facts of the case. Given the allegations in this case concerning plaintiff's physical and/or psychological injuries, an enlargement of time will allow this Office to forward to plaintiff for execution authorizations for the release of medical records for any treatment received as a result of the alleged incident. Accordingly, defendant requires this enlargement so that this Office may obtain the underlying documentation, properly investigate the allegations of the complaint and fulfill its obligations under Rule 11 of the Federal Rules of Civil Procedure.

Moreover, pursuant to Section 50-k of the New York General Municipal Law, this Office must determine, based on a review of the case, whether we may represent Correction Officer Mason. Correction Officer Mason must then decide whether he wishes to be represented by this Office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864 - 65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain Correction Officer Mason's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration herein.

Respectfully submitted,

Brian Francolla
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Mr. Kevin Lee Anderson (By mail)
Plaintiff *Pro Se*
DIN # 900-07-00148
Otis Bantum Correctional Facility
16-00 Hazen Street
East Elmhurst, New York 11370

COPIES SENT TO:

Kevin Lee Anderson
900-07-00148
Otis Bantum Correctional Center
16-00 Hazen St.
East Elmhurst, NY 11370

Brian Francolla
New York City Law Department
100 Church Street
New York, NY 10007